Argued February 25, affirmed March 16, 1915.

## BAILEY v. INLAND EMPIRE CO.*

(146 Pac. 991.)

**Bills and Notes—Negotiability—Mortgages.**

1. A mortgage being merely an incident to a note which it secures, the assignment of the mortgage cannot affect the negotiability of the note.

> [As to assignment of mortgage and its effect, see note in 14 Am. Dec. 512.]

**Appeal and Error—Change in Theory of Case.**

2. Where the only issue under the pleadings in an action on a note was whether plaintiff was a holder in due course, and defendant did not by amendment attempt to present the issue whether plaintiff, under section 5860, L. O. L., could recover full value of the note pledged as collateral for a lesser debt, the case on appeal must be disposed of on the issue made.

**Bills and Notes—"Holders in Due Course"—Who are.**

3. Section 5885, L. O. L., defines a "holder in due course" as one who has taken an instrument, complete and regular on its face, in good faith and for value, before maturity, and without notice of infirmity. Section 5890 declares that such holder holds the instrument free from any defect of title of previous parties and from defenses

---

*As to the effect of a mortgage on the negotiability of a note, see note in 35 L. R. A. 536.

Upon the recital in a note as to mortgage security as affecting its negotiability, see note in 32 L. R. A. (N. S.) 858.

On the question whether the holder of a bill or note as collateral security is a *bona fide* holder, see note in 31 L. R. A. (N. S.) 287.

For cases passing upon effect of mortgage on negotiability of note, see notes in 35 L. R. A. 536; 26 L. R. A. (N. S.) 217, and 32 L. R. A. (N. S.) 858.

The authorities passing upon holder of bill or note as collateral security as a *bona fide* holder are reviewed in a note in 31 L. R. A. (N. S.) 287.                                         REPORTER.

available to them. *Held,* that one with whom a note regular on its face was pledged for value before maturity was a "holder in due course."

[As to *bona fide* holder, who is, see notes in 9 Am. Dec. 272; 44 Am. Dec. 698.]

**Pledges—Duty of Holder of Collateral.**

4.   The holder of collateral is liable to his pledgor if he negligently fails to collect the collateral.

[As to diligence required of one who holds negotiable paper as collateral security, see note in 34 Am. Dec. 451.   As to the law of collateral security, see note in 32 Am. St. Rep. 711.]

**Judgment—Conclusiveness—Parties Concluded.**

5.   A judgment, in a suit by a pledgee of a note to which the pledgor was not a party, is not binding on the pledgor, though the question of consideration for the note be adjudicated.

From Multnomah: JOHN P. KAVANAUGH, Judge.

Department 2.   Statement by MR. JUSTICE BURNETT.

This is an action by William B. V. Bailey against the Inland Empire Company, a corporation, to recover the sum of $10,000 on a note executed by the defendant to Arthur S. Phillips.   It is alleged in the complaint that:

"The said note was duly indorsed and transferred by said Phillips; and plaintiff thereafter, and before maturity, for a valuable consideration, purchased the said note, and the same was duly transferred to him, and plaintiff became and now is the legal owner and holder thereof."

The execution of the note by the defendant is admitted, but the quoted averment about its indorsement and transfer is denied.   The defendant states in defense, in substance, that it was given to Phillips for part of the purchase price upon the sale of land by him to the defendant which he conveyed to it by deed containing the covenant of warranty, when in fact he had no title to part of it amounting in value to $7,500.   The defendant admits payment of $800 interest accruing for one year after the date of the note, and gives as a

reason for a refusal to pay further that it demanded credit for the value of the land to which the grantor had no title.   It also avers:

"That the plaintiff had knowledge of the failure of the defendant's title to a portion of the lands for the purchase price of which the said note was given, and took the same with notice of the defendant's claims with regard thereto and with knowledge of the facts herein set forth."

The answer further says:

"That the said Arthur S. Phillips died on or about the first day of October, 1911; that the plaintiff holds said note as trustee for the estate of the said Phillips."

That portion of the answer imputing to plaintiff knowledge of the partial failure of title and of defendant's claims in regard thereto is expressly denied by the reply, which pleading also traverses the answer in all other material particulars except the defendant's avowed refusal to pay and the death of Phillips.   The court made findings of fact and conclusions of law favorable to the plaintiff upon which judgment was rendered for the full amount of the note after deducting payment of the interest for the first year, together with $750 attorney's fees and costs and disbursements. From this judgment the defendant appeals.

AFFIRMED.

For appellant there was a brief over the names of *Messrs. Carey & Kerr* and *Mr. Charles E. McCulloch,* with an oral argument by *Mr. McCulloch.*

For respondent there was a brief over the names of *Mr. Jesse Stearns* and *Mr. John H. Hall,* with an oral argument by *Mr. Stearns.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. It appeared in testimony that Phillips, the payee of the note in suit, borrowed $4,000 from one Austin, gave a promissory note therefor on August 11, 1911, and for collateral security indorsed the note here in question in blank and delivered it to Austin. The latter in turn for value indorsed to the plaintiff the $4,000 note, and delivered and transferred to him both it and the note involved in this action as accompanying collateral all prior to the maturity of the note in suit. There was also introduced in evidence an instrument seemingly executed in British Columbia, signed by Phillips, reciting the execution of a mortgage by the defendant here to secure $10,000 and conveying it to Austin with the debt secured thereby, and the estate of Phillips in the land therein described, nothing, however, being said about the transfer of the $10,000 note. A like instrument from Austin to the plaintiff also appeared in evidence. A mortgage being merely an incident to the note which it secures, the assignment of the former cannot hamper or destroy the negotiability of the latter. It is not necessary, therefore, in this case to further consider the separate transfers of the mortgage. No question is made about the note being negotiable on its face.

2, 3. Without pleading anything about the instrument in suit having been pledged to the plaintiff as collateral, the defendant contends on appeal that the recovery of the plaintiff should have been restricted to the amount of his claim against Phillips and that the Circuit Court was wrong in rendering judgment for the full amount of the note executed by the defendant. The action is brought on the theory that the plaintiff is

the holder in due course for value, and the answer is predicated on the assumption that the plaintiff took the note with notice of defenses against it destroying its negotiability. The pleadings would not have been different in that respect if the plaintiff had bought the note outright paying full face value. There is no evidence whatever in support of the defendant's allegation on that subject. On the contrary, all the evidence in the case is the other way. The finding of the court on that point is invulnerable. So far as the record discloses, no application was made to amend the answer to conform to the facts, and it was incumbent upon the court to hear and decide the case according to the issues made by the pleadings. The whole case turns upon the allegation of the answer imputing to the plaintiff notice of infirmities in the note. When the issue on that allegation was determined against the defendant, inevitable as it was, the reminder of its defense became negligible and immaterial under the pleadings as framed.

It is said in Section 5885, L. O. L.:

"A holder in due course is a holder who has taken the instrument under the following conditions: (1) That it is complete and regular upon its face; (2) that he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact; (3) that he took it in good faith and for value; (4) that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

Having, as the testimony shows, actually loaned to Phillips the $4,000 at the time of transferring the note in question as collateral securing that debt, plaintiff's indorser, Austin, in whose shoes the former stands, took the pledged instrument in good faith and for

value. That it is complete and regular upon its face is in effect admitted and thoroughly established by the document itself which is in evidence. It is also substantially conceded and confirmed by the finding that the plaintiff became the holder of it before it was overdue, and it is proven by uncontroverted testimony that at the time it was negotiated to him he had no notice of any dishonor of the note or of any infirmity in the instrument or defect in the title of the then owner. Thus are subserved all the statutory conditions making the plaintiff a holder in due course.

It is said in Section 5890, L. O. L.:

"A holder in due course holds the instrument free from any defect of title of prior parties and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon."

Hence under the pleadings the plaintiff stands as a holder in due course and is entitled according to the findings to recover the full amount of the note. Not having raised the question of collateral and of the amount of the note for which it was pledged, the defendant is not entitled to rely upon that other Section 5860, L. O. L., which reads thus:

"Where the holder has a lien on the instrument, arising either from contract or by implication of law, he is deemed a holder for value to the extent of his lien."

4, 5. The authorities are numerous that the holder of pledged collateral is liable to his pledgor if by negligence the former suffers the loss thereof or fails to collect it. The distinction between suits in equity and actions at law is still maintained in the jurisprudence of this state. Consequently, it may well be doubted if in an action at law of this kind, as distinguished from

a suit in equity, where all the parties in interest are before it, the court can compel the plaintiff to litigate questions between the defendant and his former creditor. The latter, not being a party to this action, would not be bound by any judgment therein. If the argument of the defendant is followed, especially as the pleadings exist, the plaintiff would suffer the abatement of his claim here and afterward would be compelled to account to his pledgor, thus being involved in two contests over subject matter to which he is a stranger. The situation disclosed by the defendant is analogous to that portrayed in *Mitchell* v. *Holman*, 30 Or. 280 (47 Pac. 616), where, after judgment on a collateral note, a suit in equity was prosecuted by its makers to compel the judgment creditor to allow as a setoff against his judgment a counterclaim in their favor against the insolvent indorser of the collateral note after the plaintiff's original claim was satisfied by the proceeds of the collection. In that case all parties connected with the note in pledge were brought before the court and their rights adjusted according to the equities of the case. That question, however, is not presented by the pleadings here and is *coram non judice*.

The judgment is affirmed.            AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.