Argued April 21; affirmed June 28, 1932

# BANK OF GRESHAM *v.* CLARKE

(12 P. (2d) 559)

*R. F. Hollister* and *Ashby C. Dickson,* both of Portland (Dickson & Dickson, of Portland, on the brief), for appellant.

*P. J. Gallagher,* of Portland (Goss, Murphy & Skipworth, of Marshfield, on the brief), for respondent.

CAMPBELL, J. This is an action brought by plaintiff against defendant on a promissory note for $1,000 and reasonable attorney fees. The note was executed, payable to the General Refrigerator and Manufacturing Corporation on October 12, 1928, due in six months. The plaintiff alleges that the note was transferred to it prior to maturity for valuable consideration and that it was a holder in due course and prays judgment for the face of the note and reasonable attorney fees.

Defendant, by his answer, admits the making, signing and delivery of the note, denies the attorney fees, and by way of an affirmative defense alleges: fraud and misrepresentation on the part of C. W. Johnson, the manager of finance and agent of the payee in the note; that the note was made in payment of stock in the General Refrigerator and Manufacturing Corporation. Defendant further alleges that the said note was delivered to the payee on condition that it would be payable, if payee therein would declare and pay a dividend on its stock of 30 per cent on January 1, 1929; lack of consideration and that the plaintiff was not a holder in due course for valuable consideration.

Plaintiff, in its reply, denies all the new matter set up in defendant's answer.

The case was tried to a jury and at the close of all the testimony plaintiff moved for a directed verdict. The motion was allowed as to the body of the note, but the question of attorney fees was submitted to the jury. Judgment being entered upon the verdict, defendant appeals.

■ The allowance of the motion for a directed verdict is the principal error alleged. Defendant, in making and signing the note, dealt entirely with one C. W. Johnson, who was referred to as the finance manager of the payee. Whatever representations were made, were made by the said C. W. Johnson.

Plaintiff, to prove its allegation of being a holder in due course, called, as its witness, G. E. Johnson, its cashier, and apparently the only one of its officers who knew anything about the transaction. He testified, in substance, that he handled the transaction, that the note came into the possession of the bank before

its maturity, that it was given to the bank as collateral in lieu of other collateral which was surrendered to the payee in the note, that neither he nor any other officer of the bank had any knowledge of any defense against the note.

The defendant, not being present at the time of the transfer from the payee to the plaintiff and knowing nothing personally of how, when or why the note was transferred to plaintiff, called, as a witness, C. W. Johnson, the agent and manager of finance of the payee in the note, and who was present at the time the note was transferred to plaintiff, who testified, including testimony stricken out, in substance, that the note was transferred to the bank as collateral to be collected by the bank and the proceeds to be applied on the debts of the payee in a particular manner, none of the proceeds going to the payee named in the note, that the transfer was made to the plaintiff before maturity of the note. He further testified that, the plaintiff being the largest creditor of the payee, the greatest part of the proceeds were to be applied on the debt due it, that the plaintiff did not know that the stock of payee had not been delivered to defendant, and that the transaction was in good faith.

Whether we accept the evidence of plaintiff or that of defendant, either would constitute a complete transfer of the note and all interest therein from the payee named therein to the plaintiff for a valuable consideration: Oregon Code 1930, 57-202, 57-203.

■ There is no dispute between counsel on the law. It is admitted that if the plaintiff became the owner of the note before maturity, without notice or knowledge of any defect in title, and without knowledge of such circumstances as would make the taking of it an

act of bad faith, then the defenses set up by defendant would be of no avail: Oregon Code 1930, 57-402; *Bank of Jordan Valley v. Duncan,* 105 Or. 106 (209 P. 149); *Bank of California v. Portland Hide and Wool Co.,* 131 Or. 138 (282 P. 99). This would be true if the note was taken as collateral: Oregon Code 1930, 57-202; *American National Bank v. Kerley,* 109 Or. 155 (220 P. 116, 32 A. L. R. 262); see note to *Exchange National Bank v. Coe,* 31 L. R. A. (N. S.) 287. The note is an ordinary promissory note; there is nothing on its face to arouse inquiry; there is no evidence of any suspicious circumstances attending the transfer; there is no testimony tending to establish that the plaintiff had any knowledge or notice of any defect in the title of the payee.

The other errors complained of are all included in the motion for a directed verdict.

Finding no error, the judgment of the lower court will be affirmed.

It is so ordered.

BEAN, C. J., BROWN and KELLY, JJ., concur.