Argued February 17; affirmed March 28, 1933

## COLE *v.* VINTON ET AL.

(20 P. (2d) 436)

314

*Walter L. Tooze, Jr.,* of Portland, and *W. T. Vinton,*
of McMinnville (Eugene E. Marsh, of McMinnville, on
the brief), for appellants.

*J. L. Hope,* of Astoria, for respondent.

BEAN, J.  On December 17, 1927, one Lester Shee-
ley and Maud Sheeley, his wife, executed a promissory
note in the sum of $825 in favor of Vinton & Tooze,
or order, with interest at the rate of 8 per cent per
annum. The note was in the usuanl form and provided
for reasonable attorney's fees. On January 11, 1928,
Vinton & Tooze indorsed the note in blank and de-
livered and transferred the same to Fred W. Cooper,
together with the mortgage securing the note with an
assignment thereof with the name left blank therein.
At the time of the indorsement and delivery of the note
to Fred W. Cooper, which was mailed to him, Vinton &
Tooze gave certain instructions to Cooper by letter,
which is in evidence, as follows:

"Before transferring this mortgage and note, you
can write above our names on the back of the note
'without recourse'. This is in accordance with our
understanding, because if we are going to discount the
note so that we receive but $500 cash on it, we are not

going to subject ourselves to the liability of indorsers for the full amount of $825.00 and interest. You can explain this matter to the bank. If they are willing to give us the $825 on the note, then we are willing to indorse it in blank, but in view of the discount, we certainly will not consent to indorse it other than 'without recourse'. We are depending upon you to see that this is done, and if the bank will not accept the note indorsed 'without recourse', then you are not authorized to deliver this assignment to them, or to otherwise negotiate the note''.

On January 14, 1928, Fred W. Cooper indorsed and delivered the note to the Astoria National Bank, of which the plaintiff John H. Cole is now receiver. Cooper obtained a loan of $300 from the bank and indorsed the Sheeley note as collateral security therefor and at that time Fred W. Cooper was indebted to the bank in the sum of $421.62 upon a conditional sales contract for the purchase of an automobile, which contract provided for monthly payments. Cooper gave his note for $300, with interest at 8 per cent per annum and for reasonable attorney's fees, which is in the usual form, and signed a deposit or collateral agreement, in substance, as follows:

''The undersigned has deposited with The Astoria National Bank of Astoria, note, mortgage & assignment, L & M Sheeley $825.00 as collateral security for the payment of the above note and of every other liability or liabilities, either direct or contingent, of the undersigned to the holder hereof, due or to become due or that may be hereafter contracted, and whether now or hereafter acquired, with full power and authority to the holder hereof, in case of any default of the undersigned or of the non-payment of any of the liabilities above mentioned at maturity, to sell, assign and deliver the whole or any part of said securities, or any substitutes therefor or additions thereto at public or private sale at the option of the holder  *  *  *''.

The agreement further provided that the holder might become the purchaser and absolute owner thereof, and, after deducting costs and expenses, apply the net proceeds "to any and all of said liabilities", the surplus, if any, to be returned to the undersigned. The agreement further provided:

"And it is further agreed that the said property, together with any previously deposited or that may be deposited or pledged hereunder, shall stand as one general and continuing collateral security for any and all obligations of the undersigned so that the deficiency on any one shall be made good from the collateral for the others, the undersigned hereby remaining responsible for any deficiency in payment".

At the time Cooper deposited the Sheeley note in the bank as collateral, the conditional sales note and contract was not in default. The plaintiff did not allege in his complaint nor was there any evidence introduced to show that the bank had ever foreclosed on its collateral by selling the note at public or private sale or otherwise foreclosing its lien.

The defendants alleged that Cooper was unable to negotiate the note at the bank at Vernonia and that on January 27, 1928, they demanded the return of the note, but Cooper neglected and failed to return the same, and that in negotiating the note wholly without the knowledge or consent of appellants and in express violation of the terms and conditions of said bailment, the defendant Cooper wrongfully, unlawfully and feloniously embezzled said note to the bank as collateral security for the repayment of the loan of $300. Defendants alleged that at the time the bank received the promissory note as collateral it well knew, or, by the exercise of reasonable and due care, diligence and inquiry, could and should have known that the said

Cooper then has no right, title or interest in and to said promissory note and no right to use the same for his own use and purposes; that the same then was owned by the defendants who had the sole and exclusive right to the possession thereof; that the Astoria National Bank did not acquire said note in good faith nor as an innocent purchaser thereof for value. The new matter of the answer was put in issue by the reply.

Grover W. Utzinger, president and cashier of the bank, testified to the effect that he made the loan to Cooper and took Cooper's note for the amount of the loan of $300 and the collateral agreement pledging the Sheeley note as collateral for the loan and any other liabilities of defendant, Fred W. Cooper, and also that he handled the transaction and had no notice of any infirmity in the instrument or defect in the title of Cooper, and that neither he nor any officers of the bank had any knowledge of the restrictions contained in the letter of Vinton & Tooze to Cooper in regard to the sale of the note. The bank was unable to collect Cooper's note. After due notice to the defendants of the dishonor of the Sheeley note, plaintiff proceeded with this action against the indorsers. Defendants moved to strike out the testimony relating to the conditional sales note and contract and, by exceptions to the court's instructions to the jury, saved these questions for consideration. They also filed a motion for new trial which embraced the same questions.

Defendants assign as error that the court permitted plaintiff to recover more than $300, with interest, which the bank actually parted with on the faith of Cooper depositing the Sheeley note as collateral, and that the bank was not protected to any greater extent than the amount of the loan of $300.

■ The question involved is governed by the negotiable instruments law. The testimony tended to show that the bank was the holder in due course of the Sheeley note, which was indorsed by defendants. § 57-402, Oregon Code 1930. Under the provisions of section 57-202, defining value, in connection with section 57-204, as to holder having a lien, one who takes a note as collateral to secure a pre-existing debt takes for value as related to being a holder in due course. *American Nat. Bank v. Kerley,* 109 Or. 155 (220 P. 116, 32 A. L. R. 262). Section 57-407 provides:

"A holder in due course holds the instrument free from any defect of title of prior parties, and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon".

An antecedent or pre-existing debt constitutes value and is deemed such whether the instrument is payable on demand or at a future time. Section 57-202.

■ While there is some testimony on the part of defendant, given by the witness Fred W. Cooper, to the effect that he showed the letter from Vinton & Tooze, with restrictions and directions in regard to selling the Sheeley note, to Mr. Tyler, president of the bank, now deceased, the jury was not compelled to find in conformity to the testimony of Cooper, which was in conflict with the testimony of Mr. Utzinger, cashier of the bank. The jury, having found a verdict for plaintiff, in effect found that the plaintiff was holder in due course of the negotiable Sheeley note. Therefore, they were entitled to enforce the collection thereof against all parties including the indorsers. *American Nat. Bank v. Kerley,* supra; *Bailey v. Inland Empire Co.,* 75 Or. 309 (146 P. 991); *Lassas v. McCarty,* 47 Or. 474 (84 P. 76).

■■ Under the provisions of section 57-402, one taking a promissory note as collateral security for a loan under circumstances which would make the transferee a holder in due course if the note had been purchased outright, is a holder in due course. *First Nat. Bank v. Morgan,* 132 Or. 515 (284 P. 582, 286 P. 558). A holder of a negotiable instrument is entitled to sue thereon in his own name. The plaintiff could bring action without foreclosing the lien. Section 57-401.

Section 57-203 provides that where value has at any time been given for the instrument, the holder is deemed a holder for value in respect to all parties who become such prior to that time. Section 57-204 provides that where the holder has a lien on the instrument, arising either from contract or by implication of law, he is deemed a holder for value to the extent of his lien.

The verdict and judgment having been rendered for only the amount of the lien which the bank claimed for the $300 note and amount of the conditional sales note, with interest and attorney's fees, it is unnecessary to consider the question of the bank being entitled to recover the full amount of the Sheeley note.

■ The evidence tended to show that the bank took the note in good faith without notice of any infirmity in the title of Cooper, and that it was transferred to the bank as collateral for a valuable consideration before maturity. This would preclude defendants from setting up equitable defenses. *Bank of Gresham v. Clarke,* 140 Or. 57 (12 P. (2d) 559).

■ It is not incumbent upon the bank, as holder of the Sheeley note in due course, pledged to it for value as collateral security, to allege or prove a foreclosure of the pledge. Section 57-401, Oregon Code 1930; *Bailey v. Inland Empire Co.,* supra. In 49 C. J. 981, § 210, we read:

"In case of a pledge of commercial paper, as the nature of the property pledged indicates, the pledgee, on maturity of the secured debt or obligation and default in payment thereof, may proceed, either by action or sale, to collect the collateral and apply the proceeds to such debt or obligation; * * * But this remedy is not exclusive; the pledgee may also proceed to foreclose the pledge, or he may proceed on the original obligation without restoring the collateral".

■ Defendants contend that the plaintiff having alleged that it was the owner and holder of the note for value, and that being denied, and it being shown that plaintiff held the note as collateral, therefore there was a fatal variance in the testimony from the allegation of the complaint. The testimony tended to show that the Sheeley note was indorsed and delivered to Fred W. Cooper and that Fred W. Cooper thereafter for value and before maturity of the note in due course of business indorsed, delivered and transferred the note to the Astoria National Bank as collateral security, and the bank ever since has been the owner and holder of the note. The bank was entitled to prove that it took the note as collateral security for the Cooper note of $300 and the conditional sales contract and note of Cooper, in order to show that the note was transferred for value. We see no fatal variance between the allegation and the proof.

■ The testimony indicated, and the jury found, that the bank took the Sheeley note in good faith for a valuable consideration without notice of any infirmity of Cooper's title, and the note appearing regular upon its face, having been negotiated before it was overdue, the judgment of the circuit court must be affirmed.

RAND, C. J., KELLY and BAILEY, JJ., concur.